# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MIGUEL ALVAREZ-ADAME,<br><br>　　　　　　　　　Petitioner,<br>　vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　　Respondent. | CASE NO. 12cv1875-LAB and 07cr59-LAB-1<br><br>**ORDER DENYING MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)** |

　　　　Petitioner Miguel Alvarez-Adame was convicted of being a deported alien found in the United States. After an appeal, he was resentenced on March 19, 2010 to 110 months' imprisonment followed by three years' supervised release. He took a second appeal, but this time his sentence was affirmed. On July 30, 2012, he filed a motion pursuant to 18 U.S.C. § 3852(c) to reduce the sentence. He relies on Amendment 754, which amended § 2L1.2(b)(1)(A) of the sentencing guidelines.

　　　　Under § 3582, the Court cannot modify a term of imprisonment once imposed, with certain limited exceptions. Alvarez-Adame relies on § 3582(c)(2)'s exception, which applies

> in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

/ / /

The qualification "if such reduction is consistent with applicable policy statements issued by the Sentencing Commission" means that the exception only applies where the Sentencing Commission has made its amendment retroactive. *Freeman v. United States*, 131 S.Ct. 2685, 2690–91 (2011) (explaining that this exception was "enacted to permit defendants whose Guidelines sentencing range has been lowered by retroactive amendment to move for a sentence reduction "); *Dillon v. United States*, 130 S.Ct. 2683, 2690 (2010) (holding that § 3582(c)(2)'s exception applies where the lowered sentencing range has been made retroactive pursuant to 28 U.S.C. § 994(u)).

Amendment 754, effective November 1, 2011, is not retroactive. *United States v. Rodriguez-Garcia*, 459 Fed.Appx. 754, 756 (10th Cir. 2012); *United States v. Moran-Rosario*, 466 Fed. Appx. 257, 257 n.* (4th Cir. 2012). The Court therefore has no power to reduce Alvarez-Adame's sentence at this point.

The motion is **DENIED**.

**IT IS SO ORDERED**.

DATED: February 1, 2013

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge